**IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| KIMBERLY BEASLEY, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 3:10-CV-631-M |
| | § | |
| LIBERTY INSURANCE | § | |
| CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Plaintiff's Motion for Remand [Docket Entry 5#].  For the reasons explained below, the Motion is **DENIED**.

### I.   BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Kimberly Beasley filed suit in state court against Defendant Liberty Insurance Corporation ("Liberty"), alleging that Liberty breached its duty of good faith and fair dealing, and violated the Texas Insurance Code and the Texas Deceptive Trade Practices Act ("DTPA"), by delaying and ultimately denying Beasley's workers' compensation benefits following an injury.

Liberty removed this case to federal court on the basis of diversity of citizenship, alleging that Beasley is a citizen of Texas and that Liberty is incorporated in Wisconsin, with its principal place of business in Massachusetts.  Liberty also alleges that this case satisfies the minimum amount-in-controversy requirement of $75,000.  Beasley now moves to remand to state court.

## II.  LEGAL STANDARD

The jurisdiction of federal courts is limited.  A federal district court may exercise jurisdiction on two principal bases: (1) the existence of a federal question; or (2) complete diversity of citizenship between the parties, when more than $75,000 is in controversy.[1]

Removal jurisdiction is strictly construed because it implicates important federalism concerns.[2]  Contested issues of material fact are resolved in the plaintiff's favor, and any doubts must be resolved against removal.[3]  The removing party bears the burden of establishing federal jurisdiction.[4]

## III.    ANALYSIS

Beasley seeks to remand this case based on three arguments: first, that the removal was untimely under 28 U.S.C. § 1446; second, that the case is not removable because the amount in controversy is less than $75,000; and third, because this case is an action arising under Texas workers' compensation laws and is thus non-removable under 28 U.S.C. § 1445(c).  These arguments lack merit and cannot serve as bases for remand.

### A.  Timeliness

Beasley's first ground for remand is precluded by binding precedent.  28 U.S.C. §1446(b), which governs the procedure for removal of actions from state courts, requires the notice of removal to be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ."  Beasley argues that Liberty's

---

[1] *See* 28 U.S.C. §§ 1331, 1332 (West 2006 & Supp. 2008).
[2] *See Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002) (citation omitted); *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997) (citation omitted).
[3] *See Acuna v. Brown & Root Inc*., 200 F.3d 335, 339 (5th Cir. 2000) (citation omitted); *Cross v. Bankers Multiple Line Ins. Co.*, 810 F. Supp. 748, 750 (N.D. Tex. 1992) (citation omitted).
[4] *Shearer v. Sw. Serv. Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008) (citing *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir.2005)); *Frank*, 128 F.3d at 922.

removal is untimely because the removal notice was not filed within thirty days of Liberty's receipt of a courtesy copy of the Petition.  However, in *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344 (1999), the United States Supreme Court interpreted §1446(b) to require formal service of process upon a defendant before the thirty days begins to run.[5]  Service was made on Liberty on March 1, 2010, and Liberty filed its notice of removal on March 31, 2010.  There is no evidence that this case was not timely removed after service of process.

B.  Amount in Controversy

Ordinarily, a federal court determines the amount in controversy by looking at the amount claimed in the state court petition.[6]  However, Texas prohibits plaintiffs from specifying the dollar amount of their damages.[7]  When a plaintiff has specifically alleged damages less than $75,000, in contravention of state law, the Fifth Circuit allows a removing defendant to show, by a preponderance of the evidence, that the amount in controversy actually exceeds the jurisdictional minimum.[8]

A defendant may establish that the amount in controversy satisfies the federal jurisdictional minimum in two different ways.  First, it may show that it is "facially apparent" that the amount in controversy exceeds $75,000 by demonstrating that the plaintiff's claims, if vindicated, would yield damages greater than this amount.[9]  Alternatively, the defendant may

---

[5] Curiously, Beasley cites this case in her brief with a "*but see*" signal.
[6] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).
[7] *See* Texas Rule of Civ. P. 47(b) ("An original pleading which sets forth a claim for relief . . . shall contain . . . in all claims for unliquidated damages only the statement that the damages sought are within the jurisdictional limits of the court . . . ."); *Gilman v. Arthur J. Gallagher & Co.*, Civ. No. H-09-2335, 2009 WL 5195956, at *4 & n.1 (S.D. Tex. Dec. 21, 2009).
[8] *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995).
[9] *Id.* (citing *Allen v. R & H Oil & Gas*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

produce summary judgment type evidence to show that the amount in dispute satisfies the jurisdictional minimum.[10]

Once a defendant has met this burden, the motion to remand will be denied unless the plaintiff can show "by a legal certainty" that he will not recover more than $75,000.[11]  The Fifth Circuit has suggested that a plaintiff may show legal certainty in various ways, including by filing a binding stipulation or affidavit with its complaint, or by identifying a state statute, that would limit its damages to an amount that does not exceed $75,000.[12]

Beasley claims that her damages will not exceed $13,000 for economic damages; $15,000 for mental anguish; $27,000 in various attorneys' fees; and $20,000 either for multiple damages under the DTPA and the Texas Insurance Code, or for exemplary damages under the Texas Civil Practices and Remedies Code.  This comes to a total of exactly $75,000; thus, an overage in any of these categories would result in federal diversity jurisdiction.[13]

The dollar amounts in the Petition plainly indicate that Beasley's damages would exceed $75,000 in the event of a favorable verdict.  For example, Beasley alleges in her Petition that Liberty's allegedly tortious actions were knowing and intentional.[14]  Under the DTPA, a prevailing plaintiff may obtain treble the amount of economic damages upon a showing that the defendant acted knowingly; if the conduct is shown to be intentional, the plaintiff may recover treble the amount of damages for mental anguish and economic damages. [15]  Similarly, the Texas

---

[10] *Id.* (citing *Manguno*, 276 F.3d at 723).

[11] *Manguno*, 276 F.3d at 724.

[12] *Id.* (citing *De Aguilar*, 47 F.3d at 1412).

[13] *See* Petition at ¶¶ 47-56.  Beasley asserts in paragraph 58 of her Petition that the total amount of damages sought is $74,000, but this figure appears to be based on faulty arithmetic.

[14] *See* Petition at ¶¶ 52-53.

[15] *See* Tex. Bus. & Com. Code § 17.50(b)(1); *accord Preece v. Physicians Surgical Care, Inc.*, Civ. No. H-06-0715, 2006 WL 1470268, at *4 (S.D. Tex. May 26, 2006) (stating that "attorney's fees and exemplary damages could easily inflate [plaintiff's] potential recovery to well over $75,000"); *Whitmire v. Bank One, N.A.*, Civ. No. H-05-3732, 2005 WL 3465726, at *3 (S.D. Tex. Dec. 16, 2005) (finding that treble damages under the DTPA for

Insurance Code allows a treble award of actual damages if the trier of fact determines that the defendant acted knowingly.[16]  Beasley's calculations do not contemplate even the possibility of treble damages.

C.  Application of 28 U.S.C. § 1445(c)

Beasley's third ground for removal, like her first, is precluded by binding precedent. Under 28 U.S.C. § 1445(c), actions "arising under" state workers' compensation laws cannot be removed to federal court.  However, the Fifth Circuit has held that claims such as Beasley's, brought against an employer's insurer for breach of the duty of good faith and fair dealing, do not arise under the Texas Workers' Compensation Act, and are therefore removable.[17] Furthermore, this Court has held that claims alleging violations of the Texas Deceptive Trade Practices Act and the Texas Insurance Code do not come within the ambit of 28 U.S.C. § 1445(c), as these causes of action were not created by the Texas workers' compensation statutes.[18]

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Remand is **DENIED**.


**SO ORDERED.**

July 7, 2010.

*(signature)*

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

---

economic damages and mental anguish, together with additional awards for statutory damages and attorney's fees, made it facially apparent that plaintiff's claims were likely to exceed $75,000 if she prevailed on her claims).
[16] *See* Tex. Ins. Code § 541.152(b).
[17] *See Patin v. Allied Signal, Inc.*, 77 F.3d 782, 787-89 (5th Cir. 1996).
[18] *See Climer v. Twin City Fire Ins. Co.*, No. 3:04-CV-552-G, 2004 WL 1531796, at *5 (N.D. Tex. July 8, 2004) (Fish, C.J.).